**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EMERGING AUTOMOTIVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA INC., TOYOTA MOTOR SALES, U.S.A., INC. TOYOTA CONNECTED NORTH AMERICA, INC. and TOYOTA MOTOR CORPORATION<br><br>Defendants. | Civil Action No.:<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Emerging Automotive LLC ("Plaintiff" or "Emerging Auto"), through its attorneys, for its Complaint against Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), Toyota Connected North America, Inc. ("TCNA") and Toyota Motor Corporation ("TMC") (collectively, "Defendant" or "Toyota"), demands a trial by jury and alleges as follows:

## <u>INTRODUCTION</u>

This Complaint arises from Toyota's unlawful infringement of the following United States Patents owned by Emerging Auto:  United States Patent Nos. 11,104,245 (the "'245 patent"), 12,337,715 (the "'715 patent") and 12,337,716 (the "'716 patent") (collectively the "Asserted Patents").

## THE PARTIES

1.      Emerging Auto is a California limited liability company with its principal place of business located at 5619 Scotts Valley Dr., Suite 280, Scotts Valley, CA 95066. Emerging Auto is the sole owner by assignment of all right, title and interest in the Asserted Patents, including the right to recover for past, present and future infringement and damages.

2.      On information and belief, TMNA is a corporation organized and existing under the laws of California with its principal place of business in this District at 6565 Headquarters Dr., Plano, Texas 75024. TMNA may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. TMNA is currently registered to do business in the State of Texas. On information and belief, TMNA is responsible for importing, making, marketing, distributing, offering for sale and/or selling Toyota-branded and Lexus-branded automobiles throughout the United States, including in this District.

3.      On information and belief, TMS is a corporation organized and existing under the laws of California with its principal place of business in this District at 6565 Headquarters Dr., Plano, Texas 75024. TMS may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. TMS is currently registered to do business in the State of Texas. On information and belief, TMS is responsible for importing, making, marketing, distributing, offering for sale and/or selling Toyota-branded and Lexus-branded automobiles throughout the United States, including in this District.

4.      On information and belief, TCNA is a corporation organized and existing under the laws of Delaware with its principal place of business in this District at 5905 Legacy Dr Ste. 210, Plano, TX 75024. TCNA may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. On information and

belief, TCNA is responsible for importing, making, marketing, distributing, offering for sale and/or selling Toyota-branded and Lexus-branded automobiles throughout the United States, including in this District.

5.    On information and belief, TMC is a Japanese Corporation headquartered at 1 Toyota-Cho, Toyota City, Aichi Prefecture 471-8571, Japan. On information and belief, TMC is responsible for importing, making, marketing, distributing, offering for sale and/or selling Toyota-branded and Lexus-branded automobiles throughout the United States, including in this District.

## JURISDICTION AND VENUE

6.    This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over TMNA, TMS, TCNA and TMC in this action because each has committed and continues to commit acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice. TMNA, TMS, TCNA and TMC, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District, by among other things, making, using, importing, offering to sell and selling Toyota-branded and Lexus-branded automobiles that infringe the Asserted Patents.  TMNA, TMS, TCNA and TMC have not contested personal jurisdiction in this Court in prior actions.

8.    Venue is proper in this District pursuant to at least 28 U.S.C. §1391 and §1400(b). Upon information and belief, TMNA, TMS, TCNA and TMC have a regular and established place of business in this District, including at 6565 Headquarters Dr., Plano, Texas 75024. Toyota has 4000

employees in Plano, Texas.[1] Toyota has not contested that this Court is a proper venue in prior actions. *See Foras Technologies Ltd. V. Toyota Motor North America, Inc. et. al.,* No. 2:23-cv-150, Dkt. 28 at ¶¶ 10-11, (E.D. Tex. July 10, 2023); *Fundamental Innovation Sys. Int'l LLC v. Toyota Motor Corp., et. al.,* No. 2:21-cv-281-JRG, Dkt. No. 51 at ¶ 23 (E.D. Tex. Nov. 15, 2021); *Emerging Automotive LLC v. Toyota Motor North America, Inc. et. al.,* No. 2:23-cv-00437-JRG, Dkt. 28 at ¶ 8.

## FIRST COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 11,104,245)

9.      Emerging Auto incorporates by reference the foregoing paragraphs as if fully set forth herein.

10.      Emerging Auto owns by assignment, all rights, title and interest, including the right to recover damages for past, present and future infringement, in U.S. Patent No. 11,104,245 titled "Vehicles and Cloud Systems for Sharing E-Keys to Access and Use Vehicles." The '245 patent was duly and legally issued by the United States Patent and Trademark Office on August 31, 2021. A true and correct copy of the '245 Patent is attached as Exhibit A.

11.      On information and belief, Toyota has directly infringed and continues to directly infringe one or more claims of the '245 patent, including at least claim 1 of the '245 patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling and offering for sale in the United States and/or importing into the United States products that embody one or more of the inventions claimed in the '245 patent, including but not limited to the Accused Instrumentalities, including Toyota and Lexus vehicles that enable use via an electronic key. By way of example, the Accused Instrumentalities include Toyota's Toyota and Lexus-branded vehicles that include Remote Connect and Remote Connect with Digital Key, as well

---

[1] https://pressroom.toyota.com/celebrating-five-years-of-one-toyota-in-texas/

as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

12.     The '245 Toyota Accused Instrumentalities satisfy all claim limitations of one or more claims of the '245 patent. A claim chart comparing exemplary independent claim 1 of the '245 patent to representative Accused Instrumentalities is attached as Exhibit B.

13.     By making, using, offering for sale and/or selling in the United States and/or importing into the United States the Accused Instrumentalities, Toyota has injured Emerging Auto and is liable for infringement of the '245 patent pursuant to 35 U.S.C. § 271(a).

14.     In addition, and/or in the alternative to its direct infringement, Toyota has also infringed and continues to infringe the claims of the '245 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Toyota's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Toyota's instructions infringe the claims of the '245 patent, in violation of 35 U.S.C. § 271(a). Toyota intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations and other published information. For example, Toyota's website instructs and encourages its customers to use, manage and control the infringing components and functionalities of the Accused Instrumentalities. Toyota also publishes videos to assist and encourage users to use and operate the infringing components and functionalities of the Accused Instrumentalities. By way of example, Toyota produces and distributes videos on its website and maintains a YouTube channel which instructs customers to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, Toyota USA, Remote Connect, *at* https://www.youtube.com/watch?v=QU0V8Q-wvkc; Toyota USA, How To Use Remote Connect in the Toyota App, *at* https://www.youtube.com/watch?v=uV2Ll0aIUU8; Toyota USA, How To: Digital Key on Toyota's

Newest Audio Multimedia, *at*  https://www.youtube.com/watch?v=1mmN1wTTUdQ; Lexus How-To: 2022 Lexus Interface Multimedia System - Digital Key | Lexus (May 17, 2023), *at* https://www.youtube.com/watch?v=AkkeDumEMYw; Toyota USA, How To: Digital Key on Toyota's Newest Audio Multimedia, *at* https://www.youtube.com/watch?v=1mmN1wTTUdQ ; https://www.youtube.com/watch?v=2Gk0x99hbdk; Toyota,  Toyota Entune 3.0: Understanding App Suite Connect, *at* https://www.youtube.com/watch?v=mAf9uWFKLvo.    Toyota instructs and encourages users to subscribe to Toyota Connected services (including Remote Connect and Remote Connect with Digital Key) and to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Toyota, Remote Connect, *at* https://www.toyota.com/connected-services/remote-connect;  Lexus Support, Remote Vehicle Start & HVAC, *at* https://support.lexus.com/s/article/Feature-Remote-Engine-10344; Can my vehicle Remote Start and drive-off?, *at* https://support.toyota.com/s/article/Can-my-vehicle-Remote-Start-and-drive-off; Toyota, Can I share my Remote Connect with another driver?, *at* https://support.toyota.com/s/article/Can-I-share-my-Remote-10703?language=en_US;        Toyota Safety Sense, *at* https://www.toyota.com/safety-sense/; Lexus, How do I setup my Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-setup-my-Digital-Key; Lexus, How do I get a Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-get-a-Digital-Key; Toyota, How do I setup my Digital       Key?,       *at*        https://support.toyota.com/s/article/How-do-I-setup-my-Digital-Key-Toyota?language=en_US;    Toyota,    How    do    I    get    a    Digital    Key?,    *at* https://support.toyota.com/s/article/How-do-I-get-a-Digital-Key-Toyota?language=en_US;  Toyota Connected    North    America,    Case    Study:    Digital    Key    (Aug.    2019),    *at* https://www.toyotaconnected.com/insights/digital-key; Toyota, Toyota App User Profile Overview, *at*  https://support.toyota.com/s/article/Toyota-App-User-Profi-10735?language=en_US.    Toyota's

privacy disclosures reveal that Toyota collects and shares driving and other usage information in connection with the activation, enrollment, or use of Toyota connected services features (including, for example, Remote Connect and/or Remote Connect with Digital Key), and that Toyota may use such data for other business purposes. *See, e.g.,* Data Sharing, *at* https://www.toyota.com/privacyvts/. For example, Toyota shares driving data with insurance companies, enabling such third-party insurers to make sales offers to users. *See* Toyota Pressroom, Toyota Expands Partnership with Connected Analytic Services, *at* https://pressroom.toyota.com/toyota-expands-partnership-with-connected-analytic-services/.

Toyota's use, sharing, and sale of User Profile data further includes the sharing and sale of driving data for third party service providers, such as rental car companies, car-sharing companies, mobile retailers, etc. and is further used to create Toyota's Mobility Services Platform. *See* United States Securities and Exchange Commission, Toyota Motor Corporation, Form 20-F (June 30, 2023), *at* https://app.quotemedia.com/data/downloadFiling?webmasterId=90423&ref=317596090&type=PDF&symbol=TOYOF&cdn=01303c2712e9b793c3df5155e787e8e1&companyName=Toyota+Motor+Corporation&formType=20-F&formDescription=Annual+and+transition+report+of+foreign+private+issuers+%5BSections+13+or+15%28d%29%5D&dateFiled=2023-06-30. Based on Toyota's marketing materials and sales information, a subscription is included and/or activated automatically when a vehicle is initially sold. Thus, Toyota actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Toyota is thereby liable for infringement of the '245 patent under 35 U.S.C. § 271(b).

15.    At a minimum, Toyota has had knowledge of the '245 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Toyota has continued to

engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities. Thus, on information and belief, Toyota (1) had actual knowledge of the patent; (2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

16.     Additionally, and/or alternatively, Toyota is liable as a contributory infringer of the '245 patent under 35 U.S.C. § 271(c) by having offered to sell and sold in the United States and imported into the United States and continuing to offer to sell and selling in the United States and importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringement of the '245 patent. The portions of the Toyota Accused Instrumentalities that enable use via electronic keys are a material component for use in practicing the '245 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

17.     Emerging Auto complied with 35 U.S.C. § 287 because Emerging Auto does not make, offer for sale or sell products that practice the '245 patent during the relevant time period.

18.     As a result of Toyota's direct and indirect infringement of the '245 patent, Emerging Auto is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Toyota's infringement, but in no event less than a reasonable royalty for the use made of the invention by Toyota, together with interest and costs as fixed by the Court.

19.     On information and belief, despite having knowledge of the '245 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '245 patent, Toyota has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Toyota's infringing activities relative to the '245 patent have been, and continue to be, willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct

beyond typical infringement such that Emerging Auto is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

20.     Toyota's acts of direct and indirect infringement have caused and continue to cause damage to Emerging Auto. Emerging Auto is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Toyota's wrongful acts in an amount to be proven at trial.

## SECOND COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 12,337,715)

21.     Emerging Auto incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Emerging Auto owns by assignment, all rights, title and interest, including the right to recover damages for past, present and future infringement, in U.S. Patent No. 12,337,715 titled "Methods and Systems For Sharing e-Keys To Access Vehicles." The '715 patent was duly and legally issued by the United States Patent and Trademark Office on June 24, 2025. A true and correct copy of the '715 Patent is attached as Exhibit C.

23.     On information and belief, Toyota has directly infringed and continues to directly infringe one or more claims of the '715 patent, including at least claim 23 of the '715 patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling and offering for sale in the United States and/or importing into the United States products that embody one or more of the inventions claimed in the '715 patent, including but not limited to the Accused Instrumentalities, including Toyota and Lexus vehicles that enable use and sharing of an electronic key. By way of example, the Accused Instrumentalities include Toyota's Toyota and Lexus-branded vehicles that include Remote Connect and Remote Connect with Digital Key, as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

24.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '715 patent. A claim chart comparing exemplary independent claim 23 of the '715 patent to representative Accused Instrumentalities is attached as Exhibit D.

25.    By making, using, offering for sale and selling in the United States and/or importing into the United States the Accused Instrumentalities, Toyota has injured Emerging Auto and is liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271(a).

26.    In addition, and/or in the alternative to its direct infringement, Toyota has also infringed and continues to infringe the claims of the '715 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Toyota's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Toyota's instructions infringe the claims of the '715 patent, in violation of 35 U.S.C. § 271(a). Toyota intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations and other published information. For example, Toyota's website instructs and encourages its customers to use, manage and control the infringing components and functionalities of the Accused Instrumentalities. By way of example, Toyota produces and distributes videos on its website and maintains a YouTube channel which instructs customers to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, Toyota USA, Remote Connect, *at* https://www.youtube.com/watch?v=QU0V8Q-wvkc; Toyota USA, How To Use Remote Connect in the Toyota App, *at* https://www.youtube.com/watch?v=uV2Ll0aIUU8; Toyota USA, How To: Digital Key on Toyota's Newest Audio Multimedia, *at* https://www.youtube.com/watch?v=1mmN1wTTUdQ; Lexus How-To: 2022 Lexus Interface Multimedia System - Digital Key | Lexus (May 17, 2023), *at*

https://www.youtube.com/watch?v=AkkeDumEMYw; Toyota USA, How To: Digital Key on Toyota's Newest Audio Multimedia, *at* https://www.youtube.com/watch?v=1mmN1wTTUdQ ; https://www.youtube.com/watch?v=2Gk0x99hbdk; Toyota, Toyota Entune 3.0: Understanding App Suite Connect, *at* https://www.youtube.com/watch?v=mAf9uWFKLvo. Toyota instructs and encourages users to subscribe to Toyota Connected services (including Remote Connect and Remote Connect with Digital Key) and to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Toyota, Remote Connect, *at* https://www.toyota.com/connected-services/remote-connect; Lexus Support, Remote Vehicle Start & HVAC, *at* https://support.lexus.com/s/article/Feature-Remote-Engine-10344; Can my vehicle Remote Start and drive-off?, *at* https://support.toyota.com/s/article/Can-my-vehicle-Remote-Start-and-drive-off; Toyota, Can I share my Remote Connect with another driver?, *at* https://support.toyota.com/s/article/Can-I-share-my-Remote-10703?language=en_US; Toyota Safety Sense, *at* https://www.toyota.com/safety-sense/; Lexus, How do I setup my Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-setup-my-Digital-Key; Lexus, How do I get a Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-get-a-Digital-Key; Toyota, How do I setup my Digital Key?, *at* https://support.toyota.com/s/article/How-do-I-setup-my-Digital-Key-Toyota?language=en_US; Toyota, How do I get a Digital Key?, *at* https://support.toyota.com/s/article/How-do-I-get-a-Digital-Key-Toyota?language=en_US; Toyota Connected North America, Case Study: Digital Key (Aug. 2019), *at* https://www.toyotaconnected.com/insights/digital-key; Toyota, Toyota App User Profile Overview, *at* https://support.toyota.com/s/article/Toyota-App-User-Profi-10735?language=en_US. Toyota's privacy disclosures reveal that Toyota collects and shares driving and other usage information in connection with the activation, enrollment, or use of Toyota connected services features (including,

for example, Remote Connect and/or Remote Connect with Digital Key), and that Toyota may use such data for other business purposes. *See, e.g.,* Data Sharing, *at* https://www.toyota.com/privacyvts/. For example, Toyota shares driving data with insurance companies, enabling such third-party insurers to make sales offers to users. *See* Toyota Pressroom, Toyota Expands Partnership with Connected Analytic Services, *at* https://pressroom.toyota.com/toyota-expands-partnership-with-connected-analytic-services/.

Toyota's use, sharing, and sale of User Profile data further includes the sharing and sale of driving data for third party service providers, such as rental car companies, car-sharing companies, mobile retailers, etc. and is further used to create Toyota's Mobility Services Platform. *See* United States Securities and Exchange Commission, Toyota Motor Corporation, Form 20-F (June 30, 2023), *at* https://app.quotemedia.com/data/downloadFiling?webmasterId=90423&ref=317596090&type=PDF&symbol=TOYOF&cdn=01303c2712e9b793c3df5155e787e8e1&companyName=Toyota+Motor+Corporation&formType=20-F&formDescription=Annual+and+transition+report+of+foreign+private+issuers+%5BSections+13+or+15%28d%29%5D&dateFiled=2023-06-30. Based on Toyota's marketing materials and sales information, a subscription is included and/or activated automatically when a vehicle is initially sold. Thus, Toyota actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Toyota is thereby liable for infringement of the '715 patent under 35 U.S.C. § 271(b).

27.     At a minimum, Toyota has had knowledge of the '715 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Toyota has continued to engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities.  Thus, on information and belief, Toyota (1) had actual knowledge of the patent;

(2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

28.    Additionally, and/or alternatively, Toyota is liable as a contributory infringer of the '715 patent under 35 U.S.C. § 271(c) by having offered to sell and sold in the United States and imported into the United States and continuing to offer to sell and selling in the United States and importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringement of the '715 patent. The portions of the Toyota Accused Instrumentalities that enable use and sharing of electronic keys are a material component for use in practicing the '715 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

29.    Emerging Auto complied with 35 U.S.C. § 287 because Emerging Auto does not make, offer for sale or sell products that practice the '715 patent during the relevant time period.

30.    As a result of Toyota's direct and indirect infringement of the '715 patent, Emerging Auto is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Toyota's infringement, but in no event less than a reasonable royalty for the use made of the invention by Toyota, together with interest and costs as fixed by the Court.

31.    On information and belief, despite having knowledge of the '715 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '715 patent, Toyota has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Toyota's infringing activities relative to the '715 patent have been, and continue to be, willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Emerging Auto is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

32.    Toyota's acts of direct and indirect infringement have caused and continue to cause damage to Emerging Auto. Emerging Auto is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Toyota's wrongful acts in an amount to be proven at trial.

## THIRD COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 12,337,716)

33.    Emerging Auto incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.    Emerging Auto owns by assignment, all rights, title and interest, including the right to recover damages for past, present and future infringement, in U.S. Patent No. 12,337,716 titled "Systems For Transferring User Profiles Between Vehicles Using Cloud Services." The '716 patent was duly and legally issued by the United States Patent and Trademark Office on June 24, 2025. A true and correct copy of the '716 Patent is attached as Exhibit E.

35.    On information and belief, Toyota has directly infringed and continues to directly infringe one or more claims of the '716 patent, including at least claim 7 of the '716 patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling and offering for sale in the United States and/or importing into the United States products that embody one or more of the inventions claimed in the '716 patent, including but not limited to the Accused Instrumentalities, including a cloud services system including a server associated with implementing a connected service such as Remote Connect and/or Drive Connect to enable user profiles. By way of example, the Accused Instrumentalities include servers that are associated with receiving, maintaining, and/or storing User Profile information and/or communicating User Profile and/or setting information for Toyota and Lexus-branded vehicles to be programmed remotely based on user profiles, as well as all reasonably similar products, in violation

of 35 U.S.C. § 271(a).

36.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '716 patent. A claim chart comparing exemplary independent claim 7 of the '716 patent to representative Accused Instrumentalities is attached as Exhibit F.

37.    By making, using, offering for sale and selling in the United States and/or importing into the United States the Accused Instrumentalities, Toyota has injured Emerging Auto and is liable for infringement of the '716 patent pursuant to 35 U.S.C. § 271(a).

38.    In addition, and/or in the alternative to its direct infringement, Toyota has also infringed and continues to infringe the claims of the '716 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Toyota's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Toyota's instructions infringe the claims of the '716 patent, in violation of 35 U.S.C. § 271(a). Toyota intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations and other published information. For example, Toyota's website instructs and encourages its customers to use, manage and control the infringing components and functionalities of the Accused Instrumentalities. Toyota also publishes videos to assist and encourage users to use and operate the infringing components and functionalities of the Accused Instrumentalities. By way of example, Toyota produces and distributes videos on its website and maintains a YouTube channel which instructs customers to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, Toyota USA, How to: User Profiles on Toyota's New Audio Multimedia System / Toyota (November 17, 2021), *at* https://www.youtube.com/watch?v=lBS6mlpArFQ; Lexus Interface: App Registration (2023),    *at*    https://www.lexus.com/My-Lexus/resources/video-detail-page/interface/remote-start-

remote-connect; Toyota USA, Remote Connect, *at* https://www.youtube.com/watch?v=QU0V8Q-wvkc; Toyota USA, How To Use Remote Connect in the Toyota App, *at* https://www.youtube.com/watch?v=uV2Ll0aIUU8; Toyota USA, How To: Digital Key on Toyota's Newest Audio Multimedia, *at* https://www.youtube.com/watch?v=1mmN1wTTUdQ; Lexus How-To: 2022 Lexus Interface Multimedia System - Digital Key | Lexus (May 17, 2023), *at* https://www.youtube.com/watch?v=AkkeDumEMYw; Toyota USA, How To: Digital Key on Toyota's Newest Audio Multimedia, *at* https://www.youtube.com/watch?v=1mmN1wTTUdQ ; https://www.youtube.com/watch?v=2Gk0x99hbdk; Toyota,  Toyota Entune 3.0: Understanding App Suite Connect, *at* https://www.youtube.com/watch?v=mAf9uWFKLvo.    Toyota instructs and encourages users to subscribe to Toyota Connected services (including Remote Connect and User Profiles) and to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Toyota App User Profile Overview, *at* https://support.toyota.com/s/article/Toyota-App-User-Profi-10735?language=en_US;    Lexus, Connected Technology Support, Home, UX 250H, 2024, Support Topics, User Profile, How to Create a User Profile?, *at* https://lexusconnectedtechnologysupport.com/lexus/feature/User%20Profile/6ba8b100-0929-11ed-a686-85aa58672a6c?model=UX%20250H&year=2024; Toyota Audio & Connected Services Support, Home, BZ4X, 2023, Support Topics, Toyota User Profile, How to Create Your Profile, *at* https://connectedtechnologiestoyota.com/toyota/feature/Toyota%20App/c0dafef0-1bde-11ec-b8cc-7df09d7dbdc2?model=&year=null; *see also* Toyota Audio & Connected Services Support, Home, BZ4X, 2023, Support Topics, Toyota User Profile, *at* https://toyotaaudioandconnectedservicessupport.com/toyota/feature/Toyota%20User%20Profile%20/52ba95c0-3376-11ec-bd3d-9d7b70ae271f?model=bZ4X&year=2023; *see* Lexus,    Connected

Technology Support, Home, UX 250H, 2024, Support Topics, User Profile, How to Create a User Profile?, *at* https://lexusconnectedtechnologysupport.com/lexus/feature/User%20Profile/6ba8b100-0929-11ed-a686-85aa58672a6c?model=UX%20250H&year=2024; Toyota, Remote Connect, *at* https://www.toyota.com/connected-services/remote-connect; Lexus Support, Remote Vehicle Start & HVAC, *at* https://support.lexus.com/s/article/Feature-Remote-Engine-10344; Can my vehicle Remote Start and drive-off?, *at* https://support.toyota.com/s/article/Can-my-vehicle-Remote-Start-and-drive-off; Toyota, Can I share my Remote Connect with another driver?, *at* https://support.toyota.com/s/article/Can-I-share-my-Remote-10703?language=en_US; Toyota Safety Sense, *at* https://www.toyota.com/safety-sense/; Lexus, How do I setup my Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-setup-my-Digital-Key; Lexus, How do I get a Digital Key?, *at* https://support.lexus.com/s/article/How-do-I-get-a-Digital-Key; Toyota, How do I setup my Digital Key?, *at* https://support.toyota.com/s/article/How-do-I-setup-my-Digital-Key-Toyota?language=en_US; Toyota, How do I get a Digital Key?, *at* https://support.toyota.com/s/article/How-do-I-get-a-Digital-Key-Toyota?language=en_US; Toyota Connected North America, Case Study: Digital Key (Aug. 2019), *at* https://www.toyotaconnected.com/insights/digital-key; Toyota, Toyota App User Profile Overview, *at* https://support.toyota.com/s/article/Toyota-App-User-Profi-10735?language=en_US. Toyota's privacy disclosures reveal that Toyota collects and shares driving and other usage information in connection with the activation, enrollment, or use of Toyota connected services features (including, for example, Remote Connect and/or Drive Connect), and that Toyota may use such data for other business purposes. *See, e.g.,* Data Sharing, *at* https://www.toyota.com/privacyvts/. For example, Toyota shares driving data with insurance companies, enabling such third-party insurers to make sales offers to users. *See* Toyota Pressroom, Toyota Expands Partnership with Connected Analytic

Services, *at* https://pressroom.toyota.com/toyota-expands-partnership-with-connected-analytic-services/. Toyota's use, sharing, and sale of User Profile data further includes the sharing and sale of driving data for third party service providers, such as rental car companies, car-sharing companies, mobile retailers, etc. and is further used to create Toyota's Mobility Services Platform. *See* United States Securities and Exchange Commission, Toyota Motor Corporation, Form 20-F (June 30, 2023), *at*

https://app.quotemedia.com/data/downloadFiling?webmasterId=90423&ref=317596090&type=PDF&symbol=TOYOF&cdn=01303c2712e9b793c3df5155e787e8e1&companyName=Toyota+Motor+Corporation&formType=20-F&formDescription=Annual+and+transition+report+of+foreign+private+issuers+%5BSections+13+or+15%28d%29%5D&dateFiled=2023-06-30. Based on Toyota's marketing materials and sales information, a subscription is included and/or activated automatically when a vehicle is initially sold. Thus, Toyota actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Toyota is thereby liable for infringement of the '716 patent under 35 U.S.C. § 271(b).

39.    Toyota has had knowledge of the '716 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Toyota has continued to engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities. Thus, on information and belief, Toyota (1) had actual knowledge of the patent; (2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

40.    Additionally, and/or alternatively, Toyota is liable as a contributory infringer of the '716 patent under 35 U.S.C. § 271(c) by having offered to sell and sold in the United States and imported into the United States and continuing to offer to sell and selling in the United States and

importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringement of the '716 patent. The portions of the infringing servers that enable Toyota and Lexus vehicles to be programmed remotely based on user profiles are a material component for use in practicing the '716 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

41.    Emerging Auto complied with 35 U.S.C. § 287 because Emerging Auto does not make, offer for sale or sell products that practice the '716 patent during the relevant time period.

42.    As a result of Toyota's direct and indirect infringement of the '716 patent, Emerging Auto is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Toyota's infringement, but in no event less than a reasonable royalty for the use made of the invention by Toyota, together with interest and costs as fixed by the Court.

43.    On information and belief, despite having knowledge of the '716 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '716 patent, Toyota has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Toyota's infringing activities relative to the '716 patent have been, and continue to be, willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Emerging Auto is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

44.    Toyota's acts of direct and indirect infringement have caused and continue to cause damage to Emerging Auto. Emerging Auto is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Toyota's wrongful acts in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

Emerging Auto respectfully requests that the Court find in favor of Emerging Auto and against

Toyota, and the Court grant Emerging Auto the following relief:

      A.    For judgment that Toyota is liable for infringement of one or more claims of the Asserted Patents, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

      B.    For judgment that Toyota has willfully infringed one or more claims of the Asserted Patents, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

      C.    For an accounting of all damages sustained by Emerging Auto as the result of Toyota's acts of infringement, including compensatory damages in an amount according to proof, and in no event less than a reasonable royalty;

      D.    For a mandatory future royalty payable on each and every future sale by Toyota of a product that is found to infringe one or more of the Asserted Patents and on all future products which are reasonably similar to those products found to infringe;

      E.    For a judgment and order requiring Toyota to pay Emerging Auto's damages, costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patents as provided under 35 U.S.C. § 284;

      F.    For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Emerging Auto its reasonable attorneys' fees; and

      G.    For such other and further relief in law and in equity as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Emerging Auto hereby demands a trial by jury of this action.

Dated: August 12, 2025

Respectfully submitted,

*/s/ Marc Belloli by permission Andrea L. Fair*
Marc Belloli (Lead Counsel)
CA Bar No. 244290 (Admitted in EDTX)
mbelloli@bdiplaw.com
M. Elizabeth Day
CA Bar No. 177125 (Admitted in EDTX)
eday@bdiplaw.com
Jerry D. Tice II
Texas Bar No. 24093263
Jtice@bdiplaw.com
Aaron R. Hand
CA Bar No. 245755 (Admitted in EDTX)
ahand@bdiplaw.com
Brenda Entzminger
CA Bar No. 226760 (Admitted in EDTX)
bentzminger@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

Of Counsel:

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323


*Attorneys for Plaintiff*
Emerging Automotive LLC