**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| EMERGING AUTOMOTIVE LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00782-JRG |
| | § | (LEAD CASE) |
| TOYOTA MOTOR CORP., et al., | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| EMERGING AUTOMOTIVE LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00799-JRG |
| | § | (MEMBER CASE) |
| KIA CORPORATION, et al., | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay this Action Pending Final Disposition of Asserted Claims Challenged in Proceedings Before the U.S. Patent and Trademark Office (the "Motion") filed by Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Connected North America, Inc., and Toyota Motor Corporation (collectively, "Toyota"). (Dkt. No. 43.) Plaintiff Emerging Automotive LLC ("Emerging Auto") opposes the Motion. (Dkt. No. 45.) Consolidated Defendants Kia Corporation and Kia America, Inc. (collectively, "Kia") take no position regarding the Motion. (Dkt. No. 43 at 1.) Having considered the Motion, the Court finds that it should be and hereby is **DENIED**.

### I.    BACKGROUND

Emerging Auto filed the above-captioned lead case against Toyota on August 12, 2025, asserting infringement of United States Patent Nos. 11,104,245 (the "'245 patent"), 12,337,715 (the "'715 patent") and 12,337,716 (the "'716 patent") (collectively the "Asserted Patents"). (Dkt.

No. 1 at 1.) Toyota and Kia filed IPR and PGR petitions against the Asserted Patents on October 21, 2025. (Dkt. No. 43 at 4.) The Motion was filed on January 2, 2026, before the PTAB had made institution decisions regarding any of the Asserted Patents. (*See generally* Dkt. No. 43.) On March 23, 2026, the PTAB instituted IPR on the '245 patent. (Dkt. No. 50 at 1.) On April 6, 2026, the PTAB denied institution of IPR on the '715 and '716 patents. (*Id.*)

## II.      LEGAL STANDARD

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Resonant Sys., Inc. v. Nintendo Co.*, No. 2:25-cv-00090-JRG, 2025 WL 2097883, at *1 (E.D. Tex. July 25, 2025) (internal citation omitted).

## III.     ANALYSIS

Having considered the three stay factors, the Court finds that on balance, the factors weigh against granting Toyota's requested stay.

### A.  Issue Simplification

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the [IPR] proceeding will result in simplification of issues before the Court." *NFC Technology LLC v. HTC Am., Inc.*, No. 2:13-cv-01058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015).

Toyota argued this factor on the basis that it saw "a high likelihood that the ongoing instituted IPR and EPR proceedings [on patents Emerging Auto asserted against Toyota in a prior case] will generate history that impacts the scope, meaning, and patentability of the [Asserted] Patents," and that "[i]t is likely the PTAB will reach the same conclusion with respect to at least some and likely all of the [Asserted Patents'] claims." (Dkt. No. 43 at 10.)

However, since the filing of the motion, the PTAB has denied institution of IPR on two of three Asserted Patents. Accordingly, the Court concludes that the issue simplification factor weighs against issuing a stay in this case. This Court often determines, as it does here, that where the PTAB does not grant petitions for IPRs on all asserted patents and claims, the movant has not met its burden to establish that this factor weighs in favor of a stay. *See, e.g.*, *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at \*6 (E.D. Tex. Mar. 24, 2020); *Force Mos Tech.., Co. v. ASUSTek Computer, Inc.*, No. 2:22-cv-00460-JRG, 2024 WL 1586266, at \*4 (E.D. Tex. Apr. 11, 2024); *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240, at \*2 (E.D. Tex. Dec. 11, 2024). Since "even an ultimate finding in favor of [Toyota] invalidating all claims of all the patents in the instituted IPR[] would leave material disputes for the Court to decide," this factor weights against a stay. *See Headwater*, 2024 WL WL 5080240, at \*2. Institution as to less than all asserted claims is guaranteed to leave the Court with an active case and an upcoming trial once the IPR is resolved, no matter the outcome.

### B.  Stage of Litigation

For this factor, courts typically consider the stage of litigation at the time the motion was filed. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("As for the proper time to measure the stage of litigation, district courts have adopted the date of the filing the

motion to stay"). Toyota argues that this factor favors a stay because the case was in its "infancy" when it filed the Motion—more than a year prior to the claim construction hearing, before any depositions had been scheduled, and long before expert discovery. (Dkt. No. 43 at 8.) Emerging Auto responds that the case was not in its "infancy" when the Motion was filed, given that the parties "ha[d] served preliminary infringement contentions and initial and additional disclosures, [] the Court issued a Discovery Order and Protective Order," and Toyota was set to serve its preliminary invalidity and subject-matter eligibility contentions later that month. (Dkt. No. 45 at 8.)

The Court finds that this factor is neutral. While Toyota did seek institution of the IPRs shortly after the case was filed, the parties agreed the discovery produced and depositions taken by either party in previous litigation in this Court between these parties (*see* Civil Action No. 2:23-cv-00437-JRG, hereinafter "*EA1*") could be used in this case (Dkt. No. 45 at 9), such that discovery was already well underway at the time the Motion was filed. This Court routinely finds that the stage of litigation factor is neutral even where "[l]ittle discovery ha[s] occurred and a significant amount of the case ha[s] yet to occur," if progress such as the entry of a Discovery Order or the setting of a trial date has been made. *See Headwater Rsch. LLC v. Samsung Elecs., Co.*, No. 2:22-cv-00442-JRG-RSP, 2024 WL 2723870, at *2 (E.D. Tex. May 27, 2024).

### C. Prejudice to Emerging Auto

Toyota's primary argument as to why Emerging Auto would not be prejudiced by a stay in this case is that Emerging Auto agreed to a stay in the *EA1* case, at a much later stage in the case (about a month before trial). (Dkt. No. 43 at 7.) Toyota further asserts that Emerging Automotive will not be prejudiced by a stay because it is a non-practicing entity and it is not seeking injunctive relief, so "a stay will not affect [Emerging Auto]'s damage recovery—just delay it." (*Id.*) Emerging Auto

4

responds that it "has an interest in the prompt enforcement of its patents," and that witnesses may become unavailable and evidence may be lost in the intervening time if the case were to be stayed. (Dkt. No. 45 at 7-8.)

"[T]his Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial and is entitled to weight under this factor." *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-01130, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) (internal citation omitted). Accordingly, the Court does not find compelling Toyota's arguments directed to Emerging Auto's status as a non-practicing entity and the fact it is not seeking injunctive relief. Further, Emerging Auto's prior agreement to a stay in *EA1* does not waive or cut against its claim to prejudice in the instant case. Accordingly, the Court finds that the prejudice factor weighs against a stay in this case.

## IV.   CONCLUSION

For the reasons stated herein, the Court finds that Toyota's Motion to Stay (Dkt. No. 43) should be and hereby is **DENIED**.

 **So ORDERED and SIGNED this 23rd day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE